## THADDEUS DAVIS & others *vs.* GEORGE P. ELLIOTT.

To an action upon a promissory note the defendant answered, that the note was given in exchange for horses between him and the plaintiffs' agent; that the plaintiffs' horse was represented by their agent to be sound; that, relying upon the truth of this representation, the defendant gave his own horse and the note for the plaintiffs' horse; that the plaintiffs' horse was unsound at the time, and the agent knew it; that the note was obtained by fraud; that it was given without consideration; that the consideration had failed; that within a reasonable time the defendant tendered to the plaintiffs their horse, and demanded back his note and his own horse, but did not allege the value of either horse. *Held*, that under this answer the defendant might put in evidence the actual value of the plaintiffs' horse at the time of the exchange, and that the jury might deduct the difference between this and his alleged value at that time from the amount of the note, and give a verdict for the plaintiffs for the balance.

A verdict for the plaintiffs in an action upon a contract renders immaterial instructions unfavorable to the plaintiffs upon the question whether the contract was rescinded.

In an action on a promissory note given upon an exchange of horses, the jury were instructed that if the plaintiffs, at the time of the exchange, made false representations as to the soundness of their horse, upon which the defendant relied as true, and the horse received by the defendant was worth the most, the difference between the actual value of that horse and what would have been its value if the representations had been true should be deducted from the amount of the note. *Held*, That the plaintiffs, if they requested no instructions upon the hypothesis that the defects in that horse might have been ascertained by the defendant by the exercise of ordinary care and vigilance, had no ground of exception.

On the trial of an action upon a promissory note, in which the defence is that the note was

given upon an exchange of horses, and that the horse for which the note was given was represented to be sound, but afterwards turned out to have been unsound, a witness may be asked the actual value of the horse at the time of the exchange, and may be requested, in answering the question, to take into consideration the subsequent developments of the alleged unsoundness.

ACTION OF CONTRACT upon a promissory note. Answer, that the note was given on an exchange of horses between the defendant and the plaintiffs' agent; that the plaintiffs' horse, at the time of the exchange, was represented by said agent to be sound, and in good health and condition, and that, relying upon the truth of that representation, the defendant gave his own horse and the note in suit in exchange for the plaintiffs' horse; that the plaintiffs' horse was unsound and in ill health and condition at the time of the exchange, and that the plaintiffs' agent knew it; that the note was obtained by fraud; that it was given without consideration; that the consideration had wholly failed; and that within a reasonable time after the exchange the defendant tendered to the plaintiffs the horse received by him, and demanded back the note and his own horse.

At the trial in the court of common pleas in Middlesex at December term 1858, before *Sanger*, J., it was proved that the note was given upon an exchange of horses between the defendant and the plaintiffs' agent. Much evidence was introduced on both sides as to the agreements and representations of the plaintiffs' agent at the time, and the defects and unsoundness subsequently discovered in the horse received by the defendant, and whether they could have been discovered by ordinary vigilance and attention at the time of the exchange.

Evidence of the value of each horse at the time of the sale was offered by the defendant, and admitted, although the plaintiffs objected that it was not admissible under the pleadings.

While the defendant was being examined as a witness, his counsel was permitted, against the plaintiffs' objection, to ask him this question : "From what you now know of the condition of the horse at the time of the exchange, what was his value at that time ?" And the defendant was requested and permitted, in answering this question, to take into consideration the subsequent developments of the alleged defects and unsoundness of

the horse, as showing and explaining his condition at the time of the exchange. Similar questions were allowed to be put, against the plaintiffs' objection, to other witnesses. No objection was made to the knowledge of the witnesses.

The defendant offered evidence that he had tendered back the horse received by him, and demanded back his own horse and the note, and had thereby rescinded the contract. Upon this point instructions were given, to which the defendant excepted, but which are not material to be stated.

The defendant contended that, if the jury should not find the tender to have been made within a reasonable time, still, if they should find that the representations were made, that they were false, and were known to be false by the plaintiffs' agent, and that the defendant relied upon them as true in making the exchange, then they should inquire into the value of the horses at the time of the exchange; and if they found that both horses were of equal value at that time, that would constitute a defence to the note; and if they found that the horse which the defendant received was worth the most, and the difference was less than the principal of the note, the difference between the actual value of the horse and what would have been his value had the representations been true should be deducted from the note, and the plaintiffs could recover only the balance. And the court so instructed the jury, although the plaintiffs objected, and contended that this could not be done under the pleadings.

The jury found a verdict for the plaintiffs for the sum of eight dollars, and they alleged exceptions.

*D. S. Richardson,* for the plaintiffs.

*T. Wentworth,* for the defendant.

DEWEY, J. It was competent for the defendant, under the answer filed in this case, to show in defence that the consideration of the note was a sum agreed to be paid in exchange of horses, and that such bargain for an exchange was induced by the false and fraudulent representations of the plaintiffs, or an authorized agent acting on their behalf, and thereby furnish a legal ground for a deduction from the amount of the note for

the difference in value of the horse received in exchange from what the same would have been had the representations thus made been true. Upon this issue it would seem, from the bill of exceptions, that much evidence was introduced by the parties, and of a somewhat contradictory character. But no question is before us as to the weight of this testimony, the same having been submitted to the jury, who have passed thereon. The only inquiry is therefore whether any legal exception can be taken to the rulings of the court.

The ruling of the court upon the proposed defence of having offered to return the horse and rescind the contract, it is not necessary to consider, as the finding of damages in favor of the plaintiffs to any amount shows that the jury did not find the defence of a rescinding of the contract to be sustained.

The instruction to the jury, under which the jury made the deduction from the note, was unexceptionable. The objection now urged against it is, not that it was not correct, so far as stated, but it is said that the court ought to have also instructed the jury that, if they were satisfied that the condition of the horse was such that the defendant by the exercise of ordinary care and vigilance might have discovered the defects of the horse, he would not be entitled to rely upon the defence set up by him. The answer to this is, that the plaintiffs asked no such ruling of the court as they now say should have been given. If the evidence, in the opinion of the plaintiffs' counsel, was such as called for the application of this rule, it was for the plaintiffs to ask instructions to that effect. Not having done so, the verdict is not be set aside for want of such instructions.

As to the evidence and ruling upon the question of damages, we perceive no grounds for any exception. The inquiry put to the defendant as a witness was properly put to him, as, from his connection with the subject of controversy, he might well be taken to have personal knowledge of the real condition of the horse at the time of the exchange, by what he had seen and known to be developed since. If however it may be taken that the inquiry related to the case as disclosed by the evidence on the trial, then we must suppose the answer only coextensive with

the question, and to have been so understood by the court and jury. The value of the several horses at the time of the sale was a proper subject of inquiry in reference to the damages.

*Exceptions overruled.*